Filed 6/1/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| ALEKSANDR KON, | B290929 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC583851) |
| v. | |
| CITY OF LOS ANGELES et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Lawrence Cho, Judge. Reversed.

Lebedev, Michael & Helmi, Gennady L. Lebedev, Sam Helmi, and Genevieve Bourret-Roy for Plaintiff and Appellant.

Vanderford & Ruiz, Rodolfo F. Ruiz, and Erin E. Uyeshima for Defendants and Respondents.

————————————

The general issue is whether you can sue police in civil court for excessive force after you have been convicted in criminal court. Specifically, after interacting with an officer, a man was convicted of an infraction: disturbing the peace. Notwithstanding this conviction, can this man then sue the officer civilly for using excessive force during the episode? Yes, because the past conviction did not establish the officer used only reasonable force. The first criminal conviction thus is consistent with the second civil case, which may proceed.

I

On June 13, 2014, limousine driver Aleksandr Kon drove in a parking lot at the Los Angeles International Airport. Officer Damien Andrews pulled in behind Kon.

Kon and Andrews disagree about what happened next.

Kon says he got out of the car holding a phone and a sign with a customer's name when Andrews aggressively approached and accused Kon of speeding, which Kon denied. Andrews returned to his motorcycle. Kon answered a call from his customer, but Andrews ran at Kon and tackled him. According to Kon, he was down when Andrews put his knee into Kon's back, hit Kon, and handcuffed him. Paramedics took Kon to a hospital.

Andrews says he saw Kon speeding in the parking lot. He asked for Kon's driver's license, insurance, and registration many times, but Kon refused. Kon approached Andrews. Andrews told Kon to step back and to put his cell phone down so he could handcuff Kon. Kon pulled away and resisted. Andrews was "eventually able to place [Kon] into handcuffs and subdue him."

The record includes only the minutes from the criminal proceeding.

Prosecutors charged Kon with violating Penal Code section 148, subdivision (a)(1) (resisting, delaying, or obstructing an officer in the performance of the officer's duties). Kon pleaded not guilty.

The court changed the charge from misdemeanor resisting arrest to the infraction of disturbing the peace. That is, on May 15, 2015, on the prosecutor's motion, the court ordered the "complaint amended to change count 01 to read violation 415(1) PC [disturbing the peace] instead of 148(A)(1) PC [resisting arrest]" and to allege the count as an infraction. The same day, Kon withdrew his plea of not guilty to count one and pleaded no contest to disturbing the peace in violation of subdivision (1) of Penal Code section 415. The court accepted the plea and stayed a $100 fine.

On June 3, 2015, Kon filed a civil complaint for excessive force against Andrews, the City of Los Angeles, and Los Angeles World Police Department. Kon brought state claims under Civil Code section 52.1 and for assault and battery, for intentional infliction of emotional distress, for negligence, and for negligent hiring, training, staffing, and supervision.

Kon amended the complaint on May 5, 2016, to correct defendant "City of Los Angeles" to "Los Angeles World Airport." We refer to the defendants, now respondents, collectively as Airport.

In this civil case, Airport moved for summary judgment. On July 14, 2017, the trial court denied most of this motion. Airport invoked a litigation bar based on *Yount v. City of Sacramento* (2008) 43 Cal.4th 885 (*Yount*). The trial court here ruled *Yount* did not bar Kon's suit, because Kon's conviction for

3

disturbing the peace did not establish Andrews had used only reasonable force against Kon.

The court did grant summary adjudication on Kon's separate claim about negligent hiring, training, and supervision.

The case was assigned to a different judge for trial. On May 3, 2018, the court dismissed Kon's complaint and entered judgment in favor of Airport. Although Kon's Penal Code section 148 charge for resisting arrest had been dismissed and had never been more than a mere allegation, the trial court nonetheless ruled this allegation barred Kon's civil action.

## II

Kon can pursue his civil suit because it is consistent with his criminal conviction.

The governing authority is *Yount*, which we review.

An officer put an inebriated Steven Yount in a patrol car. (*Yount*, *supra*, 43 Cal.4th at pp. 889–891.) Yount then struggled in a drunken but not deadly fashion. (*Ibid*.) He kicked out a car window and cursed, spit, and bit at a team of four officers. (*Ibid*.) One decided to shoot Yount with a Taser but mistakenly grabbed his pistol and shot Yount, who survived. (*Id*. at p. 891.) Yount pleaded no contest to resisting arrest in violation of Penal Code section 148, subdivision (a)(1). (*Ibid*.) He then sued the police for use of excessive force under common law battery and title 42 of the United States Code section 1983. (*Id*. at pp. 891–892.) In a stipulated and bifurcated court trial, the civil court heard live testimony about the incident. (*Id*. at p. 892.)

The California Supreme Court determined Yount's conviction for resisting arrest did not bar Yount's civil claims about excessive force, even though the second civil suit concerned the same episode as the first criminal suit. (*Yount*, *supra*, 43

Cal.4th at p. 900.)  The two lawsuits were related, but not so similar as to be inconsistent with each other.

The *Yount* court fully acknowledged the importance of blocking relitigation of settled matters, for two important and familiar reasons.  (*Yount, supra,* 43 Cal.4th at pp. 893–894.)  If past litigation settled a question, it is inefficient to relitigate it.  This concern is for finality.  (*Ibid.*)  And relitigation can create conflicting answers to the same question.  This concern is for consistency.  (*Ibid.*)

Concerns for finality and consistency mean California courts bar repetitive lawsuits unless these twin concerns have no bearing, as when the second litigation is *not* repetitive.  When the second case raises a question different from what the first litigation settled, courts permit the second suit:  there is no bar, for there is no inconsistency between the two.  That was Yount's situation, for Yount's criminal conviction for resisting arrest did not establish police were right to use deadly force against him.  (*Yount, supra,* 43 Cal.4th at p. 898.)  Yount had struggled furiously, the hearing revealed, but officers never feared for their lives.  (*Ibid.*)  Indeed, that factual record forced the police to *concede* their deadly force was excessive, so Yount's second litigation raised a question beyond what the first case settled.  (*Id.* at pp. 898–899.)  The first case thus was consistent with the second.  Yount's civil case could proceed.

*Yount* cited an earlier case from the Supreme Court of the United States called *Heck v. Humphrey* (1994) 512 U.S. 477 (*Heck*).  *Heck* held state prisoners may not challenge the constitutionality of their convictions in suits under section 1983 of title 42 of the United States Code unless the conviction has been invalidated.  (*Id.* at pp. 486–487.)  Powerful and

5

crosscutting considerations of federalism drove *Heck*'s analysis, which involved the interaction of two federal statutes: section 1983 of title 42 of the United States Code and the federal habeas corpus statute. (*Id.* at p. 480.) Our case, however, involves neither these federal statutes nor issues of federalism. Rather we review a state court's order about state law claims. (Cf. *Yount*, *supra*, 43 Cal.4th at p. 902 [state court review of state law].) Thus *Yount*, not *Heck*, is our polestar.

*Yount*'s analysis applies here. The question is whether the second lawsuit, which is Kon's civil case, is consistent with the first: Kon's criminal prosecution. They indeed are consistent, because the second lawsuit is about whether Andrews used force that was reasonable or excessive, which is an issue the first case did not address or resolve.

The parties continue to dispute whether Andrews's use of force was reasonable. Kon said Andrews used force that was excessive, in part because Andrews unjustifiably hit him while he was flat on the ground. Andrews, by contrast, testified Kon would not cooperate and Andrews had to, and did, use force on Kon, and that use of force was reasonable.

The first lawsuit did not concern this dispute. Kon's conviction for disturbing the peace did not establish Andrews used only reasonable force against Kon. Penal Code section 415, subdivision (1) applies to "[a]ny person who unlawfully fights in a public place or challenges another person in a public place to fight."

How you act and how police respond are two different issues. The criminal case was about the former. This civil case is about the latter. That is, fighting or challenging someone to fight does not entitle the other to respond with excessive force.

6

Conversely, you can disturb the peace even though the police later beat you up. Their bad response is not a defense to your bad act.

Suppose an officer validly is trying to handcuff a struggling suspect. If that suspect pulls away from the officer's grip, assume it is possible to interpret that action as "challeng[ing] another person in a public place to fight." (Penal Code § 415, subd. (1).) Then the suspect has violated the law against disturbing the peace. That violation, however, would not entitle the officer later to hit the suspect when the suspect is subdued and flat on the ground.

No transcript or anything else from the criminal case established Andrews used force that was only reasonable. The focus of that first case was on how Kon acted, not on how Andrews responded. The second case, however, is centrally about how Andrews responded.

Whether the force in this case was reasonable remains unresolved to this day. This new question is the one Kon's civil suit seeks to answer.

Under *Yount*, then, Kon's conviction of disturbing the peace does not bar Kon's suit for excessive force, because there is no inconsistency between the two cases. Nor is finality a concern. The second case asks a question the first one never answered: was Andrews's use of force reasonable or unreasonable? The second case may proceed.

*Lujano v. County of Santa Barbara* (2010) 190 Cal.App.4th 801 is not pertinent. Yvette Lujano's trial counsel agreed Lujano's criminal conviction barred her excessive force claims. (*Id.* at p. 806, fn. 3.) That concession settled the issue we confront in this case: is the second lawsuit inconsistent with the

7

first?  In *Lujano* the answer was yes, by Lujano's own admission. Here the answer is no, because the first case did not settle whether the officer used only reasonable force.

The decision in *Fetters v. County of Los Angeles* (2016) 243 Cal.App.4th 825 does not assist Airport.  In his criminal proceeding, William Fetters admitted brandishing an imitation firearm against an officer in a threatening manner.  (*Id.* at p. 831.)  This act would have caused a reasonable person to fear bodily harm.  Fetters's admission established the officer's use of deadly force was justified:  Fetters admitted he put the officer in reasonable fear of his life.  (*Id.* at p. 840.)  The first case ruled the shooting—the force—was justified, and so barred the second case, which merely sought to relitigate the same issue.

The facts here are different.  Different facts, different result.

*Magana v. County of San Diego* (2011) 835 F.Supp.2d 906 (*Magana*) is consistent with our result.  Bruno Magana sued police for using excessive force against him.  Earlier, prosecutors had charged Magana with criminal offenses, but then they dismissed the charges.  (*Id.* at p. 908.)  Magana had been convicted of nothing, so *Yount* did not apply and Magana's excessive force case could go forward.  (*Id.* at p. 913, fn. 2.)  This analysis goes against Airport because Kon's conviction is like Magana's absence of a conviction:  neither criminal proceeding established the police used only reasonable force.  Kon's civil case may proceed, just as the *Magana* decision permitted Magana to pursue his civil suit about excessive force.

## DISPOSITION

We reverse the judgment and award costs to Kon.



WILEY, J.


We concur:



GRIMES, Acting P. J.



STRATTON, J.